(101 So. 321)

### YARBROUGH v. STATE.    (8 Div. 185.)

(Court of Appeals of Alabama.   Sept. 2, 1924.)

1. **Disorderly conduct** ⬅️1—**Show to which public is invited held "public place," within statute relating to profane language at such place.**

Show to which public is invited and expected to come is "public place," within meaning of Code 1923, § 3880, punishing use of profane language in presence of woman at public place.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Place.]

2. **Criminal law** ⬅️1144(13)—**Every reasonable presumption in favor of finding of trial court indulged on appeal.**

On trial without jury, every reasonable presumption in favor of finding of trial court is indulged on appeal.

3. **Disorderly conduct** ⬅️9—**Evidence held insufficient to sustain conviction.**

In prosecution for using profane language in presence of woman in public place, evidence *held* insufficient to support charge.

Appeal from Circuit Court, Lawrence County; W. R. Jackson, Judge.

John Yarbrough was convicted of using obscene language in the presence of a woman, etc., and he appeals. Reversed and remanded.

The affidavit upon which the trial was had is as follows:

"Before me, W. R. Jackson, Judge of the county court, in and for said state and county, on this day personally appeared A. A. Robert, who, being sworn in due form of law, deposes and says that, before the making of this affidavit in said state and county, John Yarbrough, by rude or indecent behavior, or by profane or obscene language, disturbed a woman at a public place, to wit, a show at Landersville, Ala., against the peace and dignity of the state of Alabama."

Defendant demurred to the affidavit upon the grounds, first, that the place where the alleged offense was committed was not a public place, within the meaning of the law; and second, the affidavit charges no offense.

Evidence for the state tended to show that a show was held near the town of Landersville, at which something like 100 persons, men and women, were present; that, after the show was over and the tents torn down, a "fuss" started in front of the main tent place, and that the defendant came up and said "What in the hell is the fuss about?" It further tended to show that, at the time, two women connected with the show were present, a little distance away, one of them in the ticket wagon.

Evidence for the defendant tended to show that, when he came up to where the altercation was in progress, he merely asked, "What is all the fuss about?" and that, at this time, no women were present.

The trial court found the defendant guilty of disturbing a woman in a public place, and assessed a fine of $25, from which the appeal is prosecuted.

Robert L. Almon, of Moulton, for appellant.

Demurrer to the affidavit should have been sustained. Windham v. State, 26 Ala. 69; Code 1907, § 7141. The evidence is insufficient to sustain the verdict. Reeves v. State, 96 Ala. 33, 11 South. 296.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrer to the affidavit was properly overruled. Code 1907, § 7132 (44).

FOSTER, J. [1] The demurrers are not well taken, and the court did not err in overruling them. A show, to which the public is invited and expected to come, is a public place, within the meaning of the statute (Code 1923, § 3880), punishing one for rude or indecent behavior, and the use of profane language in the presence of a woman at a public place.

[2, 3] The trial was had before the court, without a jury. The rule is to indulge every reasonable presumption in favor of the finding of the trial court. A careful reading of the evidence brings us to the conclusion that the great weight of the evidence fails to support the charge.

Our judgment is that the defendant should not have been convicted, and that unless the evidence is different on another trial, the defendant should be discharged.

Reversed and remanded.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes